UNITED STATES DSITRICT COURT
WESTERN DISTRICT OF KENTUCKY
at LOUISVILLE

[Filed Electronically]

| | |
|---|---|
| **COURTNEY JEWELL-MOORE,** ) <br> **Administratrix for the ESTATE OF** ) <br> **DJUANTEZ ANTHONY MITCHELL** ) <br> ) <br> -and- ) <br> ) <br> **COURTNEY JEWELL-MOORE as Guardian,** ) <br> **Mother and Next Friend of KMM, a minor;** ) <br> **KCM, a minor; JLM, a minor; and, JAM,** ) <br> **a minor** ) <br> ) <br> ) <br> **PLAINTIFFS** ) <br> ) <br> v. ) <br> ) <br> **STEVE CONRAD, Individually and in his** ) <br> **Official Capacity as the former Louisville** ) <br> **Metro Police Chief, Kentucky** ) <br> ) <br>     **Serve: Steve Conrad** ) <br>            **633 W. Jefferson Street** ) <br>            **Louisville, Kentucky 40202** ) <br> ) <br> **ROBERT SCHROEDER, Individually and in** ) <br> **his Official Capacity as the current acting** ) <br> **Louisville Metro Police Chief, Kentucky** ) <br> ) <br>     **Serve: Robert Schroeder** ) <br>            **633 W. Jefferson Street** ) <br>            **Louisville, Kentucky 40202** ) <br> ) <br> ) <br> **LOUISVILLE METRO POLICE** ) <br> **DEPARTMENT AND/OR LOUISVILLE** ) <br> **METRO COUNTY GOVERNMENT,** ) <br> **COMMONWEALTH OF KENTUCKY** ) <br> ) <br> ) <br> ) | **COMPLAINT FOR** <br> **DAMAGES AND JURY TRIAL** |

|  |  |
|---|---|
| Serve: Jefferson County Judge Executive )<br>Queenie Averette )<br>527 W. Jefferson Street )<br>Louisville, Kentucky 40202 )<br>)<br>Jefferson County Attorney )<br>Mike O'Connell )<br>600 West Jefferson Street )<br>Louisville, Kentucky 40202 )<br>)<br>Mayor Greg Fischer )<br>Mayor, Louisville, Kentucky )<br>527 W. Jefferson Street )<br>4th Floor )<br>Louisville, Kentucky 40202 )<br>)<br>-and- )<br>)<br>BRYAN ARNOLD, Individually )<br>and in his Official Capacity as Law a )<br>Enforcement Officer for the Louisville )<br>Metro Police Department )<br>)<br>Serve: Officer Bryan Arnold )<br>633 W. Jefferson Street )<br>Louisville, Kentucky 40202 )<br>)<br>) | CASE NO. 3:20-CV-530-DJH |

**DEFENDANTS**

### I. Introduction

On May 15, 2019 at approximately 10:30 a.m., upon information and belief, one or more officers of the Louisville Metro Police Department, Louisville, Kentucky, including Defendant Bryan Arnold ("Arnold") were conducting a criminal investigation of D'Juantez Anthony Mitchell ("Decedent") in or near the intersection of Watterson Trail and Ruckreigel Parkway in Louisville, Kentucky (the "Intersection"). After initiating an "investigative stop" of Decedent's vehicle, Defendant Arnold opened fire on Decedent, without justification, striking him numerous times.

Prior to Arnold's initial shot, the Decedent posed no threat (objective or subjective) to the officers or the public. Decedent was transported to University of Louisville Hospital in Louisville, Kentucky where he later died of the gunshot wounds inflicted upon him by Arnold.

Plaintiffs seek redress and damages for the violations of Decedent's civil rights, damages for his wrongful death, consequential damages, actual damages, special damages, punitive damages, attorney fees, recovery of costs and all other damages flowing from the reckless, indifferent, callous or otherwise tortious or illegal acts specified below. As a result of the gross and unconscionable actions of the Defendant, the wrongful death of their father D'Juantez Anthony Mitchel has devastated Plaintiffs KMM, KCM, JLM and JAM and has caused or will cause them to suffer immense emotional harm, and the loss of love and affection of their Father.

## II.    Jurisdiction and Venue

Plaintiffs seek damages from Defendants under 42 U.S.C. Section 1983 for reckless, unconscionable, deliberately indifferent and gross violations of the rights, privileges and immunities afforded and guaranteed to Decedent by the Fourth Amendment to the United States Constitution and such other applicable Amendments thereunder. This Court has jurisdiction over this case and these claims pursuant to 28 U.S.C. Section 1331 and Section 1343. This Court has jurisdiction over all of the state law claims that arise out of the same case or controversy by way of the supplemental jurisdiction granted by 28 U.S.C. Section 1367. Jefferson County, Kentucky is the location of the events and/or conduct and omissions giving rise to this claim and therefore, venue is proper in this Court pursuant to 28 U.S.C. Section 1391.

## III.    Parties

1.      Plaintiff Courtney Jewell-Moore ("Moore") was appointed as administratrix of the Estate of Decedent on May 13, 2020, by order of the Jefferson County, Kentucky probate Court,

Case No. 20-P-1423 (the "Estate"). Moore is the proper person to prosecute this action on behalf of the Estate.

2.      KMM, a minor, was born on 12/31/07 and is the natural child of Decedent and Moore.

3.      KCM, a minor, was born 1/1/15 and is the natural child of Decedent and Moore.

4.      JLM, a minor, was born on 11/9/16 and is the natural child of Decedent and Moore.

5.      JAM, a minor, was born on 9/12/19 and is the natural child of Decedent and Moore.

6.      Moore is the mother, guardian and next friend of KMM, KCM, JLM, and JAM and brings this action on their behalf.

7.      Defendant Louisville Metro Police Department is a merged police department formed in 2003, as part of the merger between Defendant Louisville, Kentucky and Jefferson County, Kentucky which itself is organized and exists pursuant to Chapter 67C of the Kentucky Revised Statutes. The Defendants Louisville Metro Police Department and the Louisville Metro County Government are hereinafter sometimes referred to collectively as "Louisville Metro". At all times mentioned herein Louisville Metro was responsible for the establishment of rules, policies, and procedures, either formally or by custom or practice, regarding employment, training, supervision and conduct of its police officers, including Defendant Bryan Arnold.

8.      Defendant Steve Conrad ("Conrad") was the then acting Chief of Police for Louisville Metro at the time Decedent was shot and killed by Defendant Bryan Arnold, and is believed to have assigned Defendant Bryan Arnold to the investigation of the Decedent. Conrad was subsequently fired from his position as Chief of Police for Louisville Metro. Defendant Conrad is sued herein in his individual and official capacities. At the time of the events hereto Conrad was the chief policy maker for Louisville Metro.

9. Defendant Robert Schroeder (Schroeder) is the current acting Chief of Police for Louisville Metro. Although Plaintiff's do not at this time have specific facts which support legal violations by Schroeder in connection with Decedent's death, pending discovery, Schroeder is named as a defendant herein in his official and individual capacities in order to ensure that all proper defendants, including Louisville Metro, are properly before the Court. As of the date of the filing of this Complaint Schroeder is the chief policy maker for Louisville Metro.

10. Defendant Bryan Arnold was, at all times herein, a Louisville Metro Police Officer.

11. Defendant Bryan Arnold was, at all times herein, acting under color of state law.

12. Defendant Bryan Arnold was, at all times herein, obligated to follow all of the rules and policies of Louisville Metro, which ministerial in nature, fixed and certain and not subject to his discretion.

13. Defendant Bryan Arnold was, at all times herein, obligated to conduct himself at all times in a manner consistent with proper law enforcement standards and the law which proscribed his conduct as a public official.

14. Defendant Bryan Arnold was individually involved in the shooting of Decedent.

15. Upon information and belief, Defendant Bryan Arnold was at the time of the shooting at issue herein, a pilot with the Louisville Metro Police Department's air unit, who was assisting in a criminal investigation of the Decedent.

### IV. Nature of Defendants' Conduct

16. On information and belief, obtained after due inquiry, Plaintiff alleges: (i) that the Defendants individually and/or in conspiracy with one another (and potentially other as yet unidentified officers or members of Louisville Metro or other governmental entities) engaged in the conduct described herein under color of law in Jefferson County, Kentucky; (ii) that the

Defendants named above (and potentially other as yet unidentified officers or members of Louisville Metro or other governmental entities) knowingly participated in, acquiesced in, encouraged, implicitly authorized, explicitly authorized, implicitly approved, and/or explicitly approved the conduct described herein in their individual capacities; (iii) that the individual defendants named herein knowingly participated in, acquiesced in, encouraged, implicitly authorized, explicitly authorized, implicitly approved, and/or explicitly approved the conduct described herein in their official capacities as officers of the Louisville Metro Police Department; (iv) that the conduct described herein resulted from the failure of Louisville Metro to (a) employ qualified persons for positions of authority; and/or (b) to properly and conscientiously train and supervise the conduct of such persons after their employment; and/or (c) to promulgate or enforce appropriate operating policies and rules or procedures either formally or by custom or practice to protect the Constitutional rights of Decedent and/or other similarly situated individuals; and/or (v) that Defendants' conduct was intentional, deliberately indifferent, objectively and subjectively unreasonable, grossly negligent, indicative of malice, and/or showed deliberate and/or reckless disregard for and indifference to the life of Decedent and his Constitutional and common law rights, or the public, and justifies an award of actual and punitive damages.

## V.     Facts

17.   Plaintiff incorporates by reference and realleges each of the above statements and averments as if fully set forth herein.

18.   At the time of his death, D'Juantez Anthony Mitchell was 30 years old.

19.   At the time of his death, Decedent was a resident of Louisville, Kentucky.

20. On the morning of May 15, 2019 Decedent was driving a white sedan in or around the vicinity of the intersection of Watterson Trail and Ruckreigel Parkway, in Louisville, Kentucky.

21. As he approached the stop sign at the intersection, at approximately 10:23 a.m., Decedent was stopped by a white, unmarked police SUV which approached his vehicle from his left, on the driver's side.

22. Immediately following the stop, three officers exited the unmarked vehicle.

23. One of the officers who exited the unmarked vehicle was Defendant Bryan Arnold who, upon information and belief, had been assigned to the investigation into Decedent by Defendant Conrad, even though he was not properly trained for encounters of this kind.

24. The other officers remain unidentified at this time.

25. The officers approached Decedent's vehicle with their guns drawn.

26. The officers surrounded Decedent and pointed their weapons at the Decedent while he remained in the driver's seat of his vehicle.

27. Upon information and belief obtained following due inquiry, Defendant Bryan Adams then fired an initial shot.

28. Defendant Bryan Adams fired upon Decedent without justification, using unreasonable and unnecessary force.

29. Defendant Bryan Adams shot the Decedent in the face, as revealed by the autopsy report.

30. Decedent's car then accelerated forward, with the decedent remaining inside, until it struck another police vehicle which had appeared on the scene, which upon information and belief was driven by a Jeffersontown Police Department officer who as yet remains unidentified.

31. Defendant Bryan Arnold continued to fire multiple additional shots at Decedent until Decedent's car came to rest in the middle of the intersection.

32. Decedent did not have a gun in his possession at the time of the events described hereinabove.

33. Decedent initially remained alive following the shootings, and was transported to the University of Louisville. He was later pronounced dead as a result of "multiple (6) perforating and penetrating gunshot wounds of body."

34. At all times Defendants and all of the officers at the scene, some of which must still be identified, were acting under color of state law.

35. At all times the officers on the scene, including Defendant Bryan Arnold, were in plain clothes operating an unmarked vehicle.

36. According to Defendant Conrad, there is no dash camera or body camera or any other video of the events alleged herein, although Plaintiff believes to the contrary upon information and belief and based on Plaintiff's own investigation.

### VI. Causes of Action

### Count I
**(Violations of 42 U.S.C. Section 1983 – Fourth Amendment Seizure and Excessive Force)**

37. Each of the above paragraphs are incorporated herein by reference and made a part of this Count.

38. Defendants' conduct and the use of unnecessary and unwarranted lethal and deadly force to apprehend, seize, or subdue Decedent was objectively unreasonable, subjectively unreasonable, in violation of fixed and certain rules applicable to his conduct as a law enforcement officer, or was otherwise intentional, reckless, deliberate, wanton and/or malicious, and indicative

of a total, deliberate and reckless disregard of and deliberate indifference towards the life of the Decedent, his rights, and the risk of harm to him as well as the public.

39. As a result of the above conduct D'Juantez Mitchell was seized against his will improperly and illegally shot, severely wounded, and killed in violation of his rights under the Fourth Amendment to the United States Constitution, as well as all other applicable provisions, clauses and amendments to the United States' Constitution, without due process of law all in violation of the United States Constitution as actionable pursuant to 42 U.S.C. Section 1983.

## Count II

### (Violation of 42 U.S.C. § 1983 – Failure *to Supervise or Train Officers*)

40. Pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978) and its progeny including but not limited to *City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989) Plaintiff makes the following additional allegations.

41. At all times relevant to this Complaint, Defendant Bryan Arnold and the other unknown and as yet to be identified officers on the scene were acting as duly appointed law enforcement officers for Louisville Metro, were acting under the direction and control of Louisville Metro and under color of law.

42. At all times relevant hereto Steve Conrad was the Chief of the Louisville Metro Police and was the chief policy maker for the department. Steve Conrad has subsequently been terminated as the acting Chief of the Louisville Metro Police.

43. Acting under color of law and in violation of Louisville Metro's law enforcement rules and policies and/or pursuant to official or unofficial policy or custom, then Chief Conrad and/or Louisville Metro through its policy maker(s) knowingly, recklessly, or with gross negligence failed to instruct, supervise, control, deploy, investigate and/or discipline Defendant

Officer Bryan Arnold in his duties regarding the use of lethal force and/or deprived Decedent of his Constitutional and statutory rights, privileges, and immunities. The conduct and failures of Louisville Metro as alleged above was a moving force behind the constitutional violations asserted in this Complaint.

44. As a direct and proximate cause of the these failures on the part of Louisville Metro Decedent suffered severe physical injury, severe emotional distress and severe mental anguish and lost his life, all contrary to his constitutional and statutory rights guaranteed by the Fourth, Fifth and Fourteenth Amendments and such other applicable Amendments to the United States Constitution and/or as protected otherwise protected by 42 U.S.C. § 1983 and the Constitution of the United States.

## Count III:

## (Battery)

45. The preceding paragraphs are hereby incorporated by reference and made part of this paragraph.

46. Without the consent of Decedent at least one of the Defendants or other unknown officers acting under color of law intentionally, harmfully, and offensively touched Decedent by using lethal force to seize and/or subdue or kill him.

47. As a direct and proximate result of the conduct of the Defendant officers, Decedent suffered serious bodily injuries and death arising directly from the battery. As a consequence, Decedent suffered harm and damages including but not limited to the aforesaid damages.

48. The actions of Defendant officer Arnold, and perhaps other officers as discovery will reveal, in battering Decedent justify an award of punitive damages.

49. Louisville Metro is liable for the actions of their employees, servants and agents under the doctrine of *respondeat superior*.

## Count IV:

### (Wrongful Death and Loss of Love and Affection)

50. The preceding paragraphs are incorporated herein by reference and made part of this Count.

51. KRS 411.130 provides that whenever death of a person results from an injury inflicted by the negligence or wrongful act of another, damages may be recovered for the death from the person who caused it or whose agent or servant caused it. If the act was willful or the negligence gross punitive damages may be recovered.

52. On the basis of the facts alleged aforesaid, Plaintiffs alleges that Defendant's actions were negligent, wrongful, and/or willful, malicious and/or reckless and Plaintiffs are thus entitled to further pursue claims for the wrongful death of English, including lost wages, future lost wages, destruction of Decedent's power to labor and earn money and punitive damages, among such other damages demanded below.

53. Plaintiffs suffered these damages as a result of the injuries inflicted upon Decedent by the Defendants as alleged hereinabove, and below.

54. Plaintiffs KMM, KCM, JLM and JAM suffered damages including severe emotional distress, as well as loss of love, affection, guidance, care, comfort and protection as a result of the injury and death of their father inflicted by the Defendants.

55. Defendants actions were malicious, fraudulent, oppressive, grossly negligent or reckless or wanton and as a result the Plaintiffs are entitled to recover punitive damages under KRS 411.184 and 411.186.

56. Louisville Metro is liable for the actions of Defendant Arnold under state law and as to this Count, as its employee and officer acting within the scope of his law enforcement duties, under the doctrine of *respondeat superior*, and Louisville Metro tacitly approved of the conduct of Defendant Arnold, consented or acquiesced to it.

### Count V

### (Gross Negligence/Reckless Conduct)

57. The conduct of Defendant Arnold was in violation of fixed and certain rules or regulations, ministerial in nature, which Defendant Arnold had a duty to follow and observe at all times hereto.

58. Those rules include by may not necessarily be limited to rules which limit or proscribe the use of deadly force which may be inflicted upon a suspect.

59. Defendant Arnold consciously or with gross, reckless and deliberate indifference to the rights of the Decedent violated or breached those the rules applicable to the events identified and alleged above and was grossly negligent or reckless when he violated those rules, which rule violations caused or were a substantial factor in causing the injury and death of the Decedent.

### Count VI:

### (Damages)

60. The preceding paragraphs are incorporated herein by reference and made part of this Damages prayer.

61. Decedent's physical, mental, emotional anguish and pain and suffering and death were unnecessary and preventable.

62. Decedent's Estate is entitled to recover for the Decedent's damages claimed above, including but not necessarily limited to Decedent's lost earnings and impairment to labor and earn

money and for the wanton, grossly negligent, deliberately indifferent and unnecessary physical and mental and emotional pain and suffering Decedent suffered prior to his death. KMM, KCM, JLM and JAM are entitled to recover for the loss of love, affection, guidance, care, comfort and protection or loss of consortium as a result of the injury and death of their father inflicted by the Defendants.

63.    Defendants' violations of Decedent's and his children's constitutional and common law rights were cruel, malicious, and evinced a total and reckless disregard for Decedent's rights, entitling them to recover punitive damages and attorney's fees under Federal law and state law from Defendants in order to deter such conduct in the future.

**WHEREFORE,** the Plaintiff respectfully demand as follows:

1.    Judgment against the Defendants, in a sum fair and reasonably calculated to compensate the Plaintiffs for their injuries and damages as set forth above, or otherwise recoverable at law including, but not limited to, recovery for physical, mental and emotional pain and suffering of the Decedent; wrongful death; loss of love, affection, guidance, care, comfort and protection and/or loss of consortium for KMM, KCM, JLM and JAM; loss of household services or the reasonable value thereof; burial and funeral expenses; loss of wages and past income; future impairment of the Decedent's power to labor and earn money; and, reimbursement for legal fees and expenses in prosecuting this case as a result of the Defendants' actions, pre- and post-judgment interest, costs, and attorneys' fees pursuant to 42 U.S.C. § 1988;

2.    Punitive damages;

3.    Trial by jury;

4.    For any and all other relief the Court may deem appropriate.

Respectfully Submitted

/s/ Gregory D. Simms
GREGORY D. SIMMS
Murphy and Associates, PLC
513 South Second Street
Louisville, Kentucky 40202
Telephone: (502) 618-4949
*Counsel for Plaintiffs*

COOPER & FRIEDMAN, PLLC

/s/ Hal D. Friedman
HAL D. FRIEDMAN
1448 Gardiner Lane, Suites 301-303
Louisville, Kentucky 40213
(502) 459-7555; fax (502) 451-1698
hdf@cooperandfriedman.com
*Counsel for Plaintiffs*